

IN THE UNITED STATES DISTRICT COURT RECEIVED
Northern Judicial District
Eastern Division

MAR 10 2008
Mar 10, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

WALTER J. BRZOWSKI
    Plaintiff

Vs.

RAYMOND A. FIGUEROA, in his individual
capacity and for Injunctive Relief; JAMES J. ALLEN,
in his individual capacity and for Injunctive Relief;
GERALD C. BENDER, in his individual capacity
and for Injunctive Relief; JAMES GLASKOW, in his
individual and official capacity; PAUL A. KAUPAS,
in his individual and official capacity
    Defendants

**08CV1401
JUDGE LEINENWEBER
MAG. JUDGE MASON**

REQUEST FOR THIRD ARTICLE
DISTRICT JUDGE

## CAUSE OF ACTION FOR FEDERAL INTERVENTION AND INJUNCTIVE RELIEF AGAINST DEFENDANTS

NOW COMES The Plaintiff/Petitioner, separately, in want of Counsel,, and in direct support of Congressional Laws as to assert such verified Claim against the above named Defendants in a Court of Law, pursuant to USC #28 @ 2283; Rules #65 (a) and #40 (2) of the Federal Code of Civil Procedure, and in further support of all his afforded Constitutional Rights to do the same, now states and asserts the following to this Honorable Federal Court the following:

**COUNT ONE**: "Violation of procedural due process (Federal Laws, Case Precedents), under the Fourteenth U.S. Amendment", (lack of subject matter jurisdiction on State Court proceedings);

    1) That on September 10, 2001, the State Petitioner, (Mrs. Laura A. Brzowski), filed within the Cook County Circuit Court, (Domestic Relations Division), Chgo. IL. 60602, a: "Petition for Dissolution of Marriage", which created Civil Circuit Case No. #01 D 14335 at that point; and,

    2) That due to several due process violations of (Respondent) Walter J. Brzowski's Fourteenth and First Amendment Rights to the U.S. Constitution, (1787), to his private property and Liberty freedoms, by the questionable actions undertaken in the State Domestic Relations Court, (No. #01 D 14335), Cook County, IL. 60602, he could not enforce such protected Rights secured by the named Constitution while litigating for his behalf in this named State Circuit Court; and,

    3) That pursuant to USC #28 @ 1441 and 1443, the Civil Respondent, (Walter J. Brzowski), filed a 'Removal Petition' with the U.S. District Court Clerk on August 30, 2002, (filed 'Notice of Removal' with the State Court Clerk on Sept. 4, 2002), which created Federal Removal Case No. #02 C 6219, as to procedurally divest subject matter jurisdiction from the State Circuit Court into the U.S. Northern District Court on September 4, 2002; and,

4) That pursuant to USC #28 @ 1446 (d), upon such procedural (legal) "Filings" by Walter J. Brzowski, and subsequent filed "Notice" with the State Court Clerk, (Sept. 4, 2002), the State Circuit Court operating on State Case No. #01 D 14335 was lawfully <u>prohibited</u> to proceed further, unless and until the Cause was (procedurally) remanded back to such named State Court, pursuant to USC #28 @ 1447 (c); and,

5) That on September 9, 2002, the U.S. District Court, upon Federal Removal Case No. #02 C 6219, dismissed such Removed Case, but <u>failed</u> to properly remand the Case back to the State Court Clerk, (via mail), pursuant to: USC #28 @ 1447 (c); and,

6) That pursuant to such aforementioned Federal Laws, upon any Removal Method achieved by the State Court Respondent to the U.S. District Court, upon a wrong 'dismissal over remand application' on Sept. 9, 2002, the U.S. District Court must procedurally: "mail a Certified Copy of Order of Remand back to the State Court Clerk, which thereupon the State Court may proceed with such Case", (see: USC #28 @ 1447 (c), which would still *deprive* the State Circuit Court of the required subject matter jurisdiction after September 4, 2002; and,

7) That the State Domestic Relations Court operating on Circuit Case No. #01 D 14335, heavily violated such Federal Laws, as to continue entering [**void**] Orders and the Judgment after such Removal date, (Sept. 4, 2002), which such State Court certainly <u>cannot</u> do; and,

8) That since the State Family Court kept unlawfully proceeding forward after Sept. 4, 2002, and entering (injurious, void) Orders due to lack of subject matter jurisdiction, the State Respondent, Walter J. Brzowski filed *another* (2nd), Removal Petition with the Federal District Court Clerk on April 22, 2003, (filed State 'Notice' on same date), creating Federal Removal Case No. #03 C 2685, at that point; and,

9) That it is now well established, as to refortify the Plaintiff's position to this U.S. District Court, the Illinois Domestic Relations Court on Case No. #01 D 14335, [Brzowski vs. Brzowski], was totally and completely **devoid** of the mandatory jurisdictional power after both Federal Removal Methods were firmly held within the realm of the Northern District U.S. Court, pursuant to USC #28 1446 (c); and,

10) That on April 28, 2005, upon the *second* filed Removal Case, (No. #03 C 2685), Chief District Judge James F. Holderman granted to Walter J. Brzowski a: "Docket Text Entry Order of Remand", which was subsequently (*procedurally*) "Certified" by the U.S. District Court Clerk on June 22, 2005, and entered/filed into the State Circuit (removed) Case No. #01 D 14335, the very next day, (June 23, 2005); and,

11) That pursuant to the two aforementioned Federal Statutes, the State Circuit Court operating on Case No. #01 D 14335, was, (*at the very least*), <u>devoid</u> of the mandatory jurisdictional power between April 22, 2003 (Removal date), and June 23, 2005, (Certified Remand Order filing);

12) That upon lack of (*divested*) subject matter jurisdiction, the State Circuit Court **cannot** enter any valid Orders/Judgment, (at the very least), between these two key, relevant dates, which

would factually hold such Orders and the (Divorce) Judgment, [May 20, 2003] on Case No. #01 D 14335, for naught, of no force and effect; and,

        13) That the arrest and incarcerating: "Order of Protection", (April 29, 2005, No. #01 D 14335, Judge Gerald C. Bender), creating unconstitutional Criminal Litigations against (State Defendant), Walter J. Brzowski was also issued at a time when the named State Domestic Relations Court lacked the fundamental legal ability to validate this 'Order', of which thus, Walter J. Brzowski cannot violate a **void** 'Order of Protection', which would subsequently dismiss all past and present Criminal Cases against this named State Defendant, and Constitutionally release him from unjust imprisonment, instanter;

        14) Therefore, upon several relevant filed: "Documents" by the State Defendant/Respondent to dismiss these Criminal Cases, (Cook and Will County, IL.) Levied against him citing: "violation of Order of Protection", and as to seek his justified Constitutional Liberty freedom from current Will County imprisonment, the Twelfth Circuit Court of Will County, Joliet, IL. 60432, has repeatedly, (*through arbitrary rule*), unlawfully denied Walter J. Brzowski his rightful release from the Will County Adult Detention Facility; and it is also objectively known and understood the 'Judgment of Dissolution of Marriage' (entered by Judge Raymond A. Figueroa), is also **void** due to lack of subject matter jurisdiction onto the State Family Court on May 20, 2003, (Case No. #01 D 14435), which reiterates that Walter and Laura Brzowski are still lawfully married, as through their Marital Contract created on February 14, 1998 by a Religious (Catholic) Ceremony; and,

**COUNT TWO (A)**: "Violation of Unlawful Seizure and Continuing Imprisonment, violating State Defendant's Fourth Amendment Right"

        15) That on July 3, 2007, State Associate Judge James Jeffrey Allen issued a arrest Warrant (#07 CF-1371) against State Defendant Walter J. Brzowski citing (again): "violation of Order of Protection"; and,

        16) That the chief Complainant, (Mrs. Laura A. Brzowski) used as a basis to move the 12th Circuit Court of Will County was a: 'legal filed Document with the Third Dist. Appellate Court of Illinois', (Ottawa Il. 61350), from Walter J. Brzowski to his (legal) Wife through the United States Postal Service, which is permitted by the Illinois Code of Civil Procedure #735ILCS 5/1-109 to unconstitutionally render this July 3, 2007 arrest Warrant against him; and,

        17) That on August 29, 2007, Walter J. Brzowski was arrested at his place of Residence, (Chicago IL. 60629), by a FAX transmission from the Will County Sheriff Police to the Cook County Sheriff Dept. on such date, through the usage of this *unlawful* arrest Warrant, (July 3, 2007); and,

        18) That due to such: 'no legal basis of foundation to pursue any prosecutorial Criminal Litigations against State Defendant, Walter J. Brzowski', the Will County States Attorney (State Plaintiff), moved the Twelfth Circuit Court of Will County to nolle prosequi (incarcerating) Case No. #07 CF-1371 on October 12, 2007; and,

        19) That since Walter J. Brzowski had previously secured his release from Custody by

posting of Cash Bail Bond on February 22, 2006, ($4,500.00) and October 19, 2006, ($4,000.00) upon the other three Misdemeanor Cases, the Circuit Court of Will County failed to reinstate this already posted Bond, ($8,500.00 total), which would have rightfully <u>released</u> the State Defendant on October 12, 2007 due to the dismissal of arrest and incarcerating Case No. #07 CF-1371 on such date

21.) "In the criminal context, a nolle prosequi is not a final deposition of a case, but rather is a procedure which reverts matter to the same condition which existed before commencement of the prosecution", {Swick vs. Liautaud et al. #662 N.E. 2d 1238, #169 Il. 2d 504, #215 Il. Dec. 98, (Jan. 18, 1996); People vs. Woolsey (1990), #139 Il. 2d 157, 163, #151 Il. Dec. 309, #564 N.E. 2d 764}; and,

22) Therefore, by the nolle prosequi of arresting and incarcerating Case No. #07 CF-1371 on Oct. 12, 2007, and the subsequent failure of the Will County 12th Circuit Court to reinstate the already posted $8,500.00 Cash Bond on such key date, the State Criminal Court is thus, depriving Walter J. Brzowski is fundamental personal Liberty freedom(s), which is guaranteed as such through the distinct usage of the U.S. Federal Constitution (1787), since October 12, 2007; and,

**COUNT TWO (B)**: "Unlawful conversion of Bond (Cash) Money by illegal forfeiture, violating Eighth Amendment Right; and Willful deprival of: "Access to the Courts"

23) That on June 18, 2007, the Twelfth Circuit Court of Will County, (Joliet, IL. 60432), set a 'status date' for July 18, 2007 upon the pending three (unconstitutional) Misdemeanor Cases;

24) That upon Count One herein, it has been objectively established that these three Misdemeanor Cases, (#05 CM-3968; #06 CM-103, and #06 CM-2579), lacked prosecutorial foundations to pursue against the State Defendant, Walter J. Brzowski, which places the July 18, 2007 status date in lawful jeopardy; and,

25) That by the unconstitutional arrest Warrant issued on July 3, 2007, (#75,000.00 D bond 10%), which is (approx.) two weeks prior to the July 18, 2007 Court Status date, Walter J. Brzowski was in fact: 'denied access to this State Court', since if he set foot in such State Court room, he was placing himself at great risk to his Constitutional Liberty freedom, for "fear of imminent arrest", by the highly suspect actions taken by the State Court on July 3, 2007; and,

26) That Walter J. Brzowski filed a: "Motion for Continuance" with the Circuit Court Clerk of Will County on July 17, 2007 as to explain his precarious position(s) the Court placed him into: **A)** If he appeared before the Court on July 18, 2007, he *would* be arrested and subsequently incarcerated; *OR*, **B)** If he did not appear in Court, (as to *maintain* his rightful his freedom), his previously posted bond would be unjustly forfeited, which is no U.S. Citizen can be placed into, when he is seeking such fundamental Justice from the State Circuit Court; and,

27) That since our Fundamental Liberty Freedoms are truly a precious Right afforded to any U.S. (Innocent) Citizen, Walter J. Brzowski elected to invoke 'option 'B' to maintain his freedom on July 18, 2007, which thus the State Circuit Criminal Court of Will County entered a unconstitutional Default Order against him, and on Aug. 29, 2007, with **no** legal "Notice of Service"

sent to the State Defendant, the Will County Court, (Associate Judge James Jeffrey Allen), forfeited his mother's $8,500.00 Cash Bond on such date; and,

27) That the State of Illinois, (Legislature), does not condone or respect (unjust) Defaults and Bond Forfeitures against State Defendants, for such unconstitutional enrichment, since Walter J. Brzowski was placed in a serious detrimental predicament by the highly questionable actions taken by the Will County Criminal Court on July 3rd, 18th, 2007; Aug. 29, 2007, and October 12, 2007;

28) Upon Count Two (A) herein, it has been distinctly shown that the arrest Warrant on July 3, 2007, (No. #07 CF-1371) had **no** legal standings in law, which was nolle prosequi on Oct. 12, 2007, and thus by the fundamental due process, *should have never been issued in the first place*, which would haven then allowed Walter J. Brzowski to rightfully attend the July 18, 2007 'Status Date set'; and,

**COUNT THREE**: "In effective Assistance of (Assigned) Counsel, (County Public Defenders), which Violates Walter J. Brzowski's Sixth Amendment Right"

29) On July 6, 2006, Will County Circuit Judge Burmila Jr., issued an arrest Warrant (No. #06 CM-2579, $75,000.00 D Bond), against Walter J. Brzowski citing: "violation of Order of Protection", (April 29, 2005), which under Count One, has been shown that the Order is void due to lack of subject matter jurisdiction, pursuant to USC #28 @ 1446 (d), and #28 @ 1447 (c); and,

30) That on July 17, 2006, two Oak Lawn Police Officers acting on this highly suspect arrest Warrant, (No. #06 CM-2579) from Will County, (July 6, 2006), forcibly, and with unwarranted "excessive use of police force", physically arrested the State Defendant, Walter J. Brzowski; and,

31) That on June 25, 2006 or thereof, Walter J. Brzowski secured a Cook County Court Order, (Judge James Stack, 5th Dist. Bridgeview, IL. 60455), as to revive a prior Civil Suit, (Case No. #03 M5 2077), against Respondent Mrs. Laura A. Brzowski, which generated a subsequent 'Status date' set for July 25, 2006, at the Fifth Circuit Courthouse, Cook County IL. 60455; and,

32) That for procedural compliance to the Illinois Code of Civil Procedure, #1-109, Walter J. Brzowski was (*once again*), allowed to serve "Certificate of Process" onto the State Respondent, through the U.S. Postal Service, as to properly notify her of this pending Court date set within the Fifth Cook County Circuit Courthouse; and,

33) That the chief Complainant, (Mrs Laura A. Brzowski), moved the Will County States Attorney, (Mr. James Glaskow), as well as the 12th Circuit Court of Will County, Criminal Division, to issue the unconstitutional arrest Warrant, (July 6, 2006, No. #06 CM-2579), against Walter J. Brzowski, which such arrest Warrant has no legal and/or fundamental value for any Criminal litigations against this named State Defendant; and,

34) That due to an excessive (*unconstitutional*), bail bond amount set on July 18, 2006 by the unjustified (additional) Cook County criminal complaints levied against Walter J. Brzowski on July 17, 2006, by the highly subjective and impeachable filed 'conjectures' from the two Oak Lawn

Police Officers as to cover-up their "official misconduct", ($250,000.00 D Bond, Judge Colleen Sweeny-Moore), Walter J. Brzowski was denied his Eighth Amendment Right to post reasonable and 'non-oppressive bond', (pursuant to #725ILCS 5/110-5 (b) (2) (3), which forced him into remanded imprisonment of the Cook County Correctional Facility until October 18, 2006; and,

35) That on August 11, 2006, upon being in unconstitutional Cook County Sheriff Custody, he was transferred from the Cook County Facility to the Will County Circuit Court; and,

36) That (also) on August 11, 2006, the Will County Circuit Court, upon a: "Indigent Disclosure Statement" submitted by the Cook County and Will County Defendant, appointed the services of the Will County Public Defenders Office to represent Walter J. Brzowski in a competent, due diligent fashion, throughout these three frivolous Misdemeanor Cases; and,

37) That starting on August 25, 2006, upon the deprival of the State Defendant to be present and in person at the Will County Circuit Court date by the Cook County Sheriff Dept., he obtained knowledge that his assigned Public Defender, Mr. Mark Ellis would not adopt Walter J. Brzowski's raised: "Affirmative Defense" jurisdictional attack against the 'Order of Protection', (April 29, 2005, No. #01 D 14335), as outlined in Count One, herein; and,

38) That starting on such August 25, 2006, and subsequent dates: Sept. 8th and 12th, 2006, (Attorney Scott Kumis); Sept. 26, 2006, Oct. 10th, 19th, and 23rd, 2006, (Attorney Daniel Kolodzeij); January 8, 2007, (Attorney Zachary Pollack); February 7, 2007, (Attorney Jaya Varghese); May 17, 2007, October 17th and 19th, 2007, November 7, 2007, (Attorney Andrea Binion); and June 18, 2007, (Attorney Julie Primozic), Walter J. Brzowski was not afforded his Sixth Amendment Right to competent Counsel(s) as indicated above, since each named Will County Public Defender never offered or came forth with any 'other' legal Defense for his behalf, which creates and maintains current detriment and incarcerating turmoil onto his Constitutional Liberty Freedoms, as well as his "Enjoyment of Life" to be free from unnecessary Governmental invasion into his private, personal Life as he sees fit; and,

39) Therefore, upon lack of competent Counsel(s) for Walter J. Brzowski's fundamental behalf, which is promoting prolonged unjust incarcerating agony onto him against the betterment of his Constitutional Rights, by their distinct failure to adopt Walter J. Brzowski's well-grounded fundamental jurisdictional attack onto the [**void**] Order of Protection, (or the lack of any 'other' cogent 'Affirmative Defense' raised in a Court of Law for his behalf), certainly reveals a wanton oppression to the State Defendant to remain in such current imprisonment of Will County Custody;

**COUNT FOUR:** "State Actors acting in 'Bad Faith"

40) That on November 30, 2005, an arrest Warrant was issued against State Defendant, Walter J. Brzowski, (No. #05 CM-3968, $15,000.00 D Bond, Judge Kathleen G. Kallan), Will County IL. 60432, (again) citing: 'violation of Order of Protection'; and,

41) That (*once again*), to reiterate, pursuant to Count One herein, the "Order of Protection", (April 29, 2005) is **void** due to lack of subject matter jurisdiction on such key date,

pursuant to USC #28 @ 1446 (d) and #28 @ 1447 (c), which <u>cannot</u> thus, be violated by Walter J. Brzowski at any time; and,

42) That on December 15, 2005, Walter J. Brzowski filed with the Will County Circuit Court Clerk a: "Notice to Quash Warrant and Dismiss Criminal Complaint...", which rendered relevant, well-founded legal Information of Law, that this Order of Protection was indeed **void**, and unenforceable due to lack of subject matter jurisdictional power onto the State (issuing) Domestic Relations Court on April 29, 2005, (Case No. #01 D 14335), by the two prior divested Federal Removal Methods from the State Court, (Fed. Case Nos. #02 C 6219 & # 03 C 2685); and,

43) That Walter J. Brzowski, upon such Dec. 15, 2005 "Filing", was placing the State Plaintiff, Will County States Attorney, (Mr. James Glaskow) on due filed 'Notice' that he was creating a jurisdictional attack on the highly challengeable 'Order of Protection' (April 29, 2005), for its enforceable validity against him; and,

44) That in the eyes of the Law, once a 'jurisdictional challenge' erupts by the Defendant onto a Order for its enforceable validity, the burden of duty is then placed upon the Asserting Party, (State Plaintiff), to come forth and produce *uncontroverted* proof from the Record File, (Case No. #01 D 14335), that the State (issuing) Court held the required subject matter jurisdiction on April 29, 2005 to issue this subjective 'Order of Protection'; and,

45) That it is factually known to this date, that the State Plaintiff, (Mr. James Glaskow), has failed miserably in this assigned onus onto him to produce, (*at the very least*), <u>both</u> "Certified Copies of the Federal Remand Orders" from Federal Removal Cases #02 C 6219 & #03 C 2685 filed with the State Court Clerk, (Case No. #01 D 14335) before April 29, 2005, which certainly cannot be accomplished by the named State (Will County) Plaintiff at any time; (see: Count One, herein);

46) That on April 29, 2005, Circuit Judge Gerald C. Bender, upon issuing this (<u>void</u>) Order of Protection for Mrs. Laura A. Brzowski through unjust 'ex parte applications', permitted the State Defendant's natural minor Sons, (Brandon and Eric Brzowski), to be unconstitutionally included on this (**void**) Order, when there was <u>no</u> factual (transcribed proof), basis forthcoming from the State Petitioner, (Mrs. Laura A. Brzowski) to do so; and,

47) That by Walter J. Brzowski sending to his two minor (private) Children, Hallmark Cards on Halloween, (Oct. 31, 2005), in a peaceful, fatherlike fashion, via U.S. Mail, it generated Will County Criminal Case No. #05 CM-3968 on Nov. 30, 2005, which Judge Kathleen G. Kallan, and States Attorney Ms. Debra Joyce Wendling operated in a conscience-shocking manner as to unjustly encroach upon Walter J. Brzowski's (private) Constitutionally protected Fatherhood Right relationship with his natural Sons, (Brandon and Eric); and,

48) That (also), by Walter J. Brzowski sending via the U.S. Postal Service to his named minor Children, Christmas Hallmark Cards on Dec. 25, 2005 by a Holiday fatherlike fashion, a second Criminal Warrant, (#06 CM-103, $30,000.00 D Bond) was issued on January 9, 2006 by Will County Judge Bobbi N. Petrungaro, which upon these actions, along with the Will County States Attorney, Ms. Debra J. Wendling, (James Glaskow), (again), severely <u>violated</u> Walter J. Brzowski's

fundamental Fatherhood (inalienable) Rights to a private relationship with his two natural Boys without unwarranted Governmental intrusion, and placed his Constitutional Liberty freedom into unjust jeopardy, by such highly controversial Court actions taken by these: "State Officers of the Court"

49) That upon a filed: "Motion for Discovery Upon the Plaintiff" by the State Defendant, (Walter J. Brzowski) on Jan. 17, 2006 <u>demanded</u> onto the State Plaintiff, (Mr. James Glaskow), to come forth and produce uncontroverted filed 'evidence' from Circuit Case No. #01 D 14335, that the Domestic Relations Court held the mandatory (lawful), jurisdictional power on April 29, 2005 to issue the "Order of Protection", (Circuit Judge Gerald C. Bender), they have failed in this onus to comply with such "burden of duty" imposed onto the State Plaintiff at any time; and,

50) That the Will County State Attorney(s) subsequent to this relevant date, (Ms. Debra J. Wendling, Mr. Scott P. Delaney, Ms. Erin M. Krone, and Ms. Heather Meyers), [Jan. 17, 2006], all failed in this assigned onus placed upon them by Walter J. Brzowski's "Discovery Filing", which fundamental due process dictates upon such (*repeated*) failure(s) by the named State Plaintiffs lack of due diligence, renders the (incarcerating) 'Order of Protection', (April 29, 2005), completely <u>worthless</u> to enforce against the State Criminal Defendant, which thus, cannot generate any subsequent Criminal litigations against Walter J. Brzowski at any time, throughout; and,

51) That upon these State Governmental 'Officers of the Court' on Nov. 30, 2005, (Case No. #05 CM-3968); Jan. 9, 2006, (Case No. #06 CM-103), and July 6, 2006, (Case No. #06 CM-2579), by the unconstitutional and conscience-shocking behavior of these aforementioned State Actors as to issue unjust (*and unfounded*) arrest Warrants against Walter J. Brzowski, and as to maintain such Criminal Litigations against him, when the named State Defendant exercised his Constitutional Fatherhood Rights towards his natural [private] minor Children, (Brandon and Eric), as well as following to the Civil Code of Illinois Procedure to serve "Certificate of Process" via the U.S. Postal Service onto the chief Complainant, (Wife, Mrs. Laura A. Brzowski, No. #03 M5 2077), as well as full disclosed (filed) knowledge that the Order of Protection was convincingly <u>void</u>, (see Count One, herein), which **no** rational or prudent Individual would ever side and/or adopt these highly suspect actions taken by these named State Actors, which now reflects and asserts a: "Bad Faith Scenario" on their behalf; and,

52) That the Will County Chief Sheriff, (Mr. Paul A. Kaupas) was also afforded "Courtesy Copies" of Walter J. Brzowski's "Filings", that such Criminal (incarcerating) arrests and Custody against him was unconstitutional and illegal, but the Chief Will Co. Sheriff named above, refuses and/or elects to remain ignorant to release Walter J. Brzowski when it his sworn duty of Governmental Office to **protect** his Constitutional (due process) Rights, when the 'Acts of Congress', supported by Case Precedent Authorities under the "Stare Decisis Doctrine" does **not** permit such imprisonment within the Will County Detention Facility at any time against Walter J. Brzowski;

53) Therefore, upon the Illinois State Officers of the Court duly named herein, upon full disclosure(s) of the jurisdictional attack levied against the Order of Protection, (April 29, 2005, No. #01 D 14335), as well as against the Judgment for Dissolution of Marriage, (May 20, 2003, No. #01 D 14335) for their lawful enforceable structured behalf, they knew, or *should have known*, that unless and until "they" can bring forth the *undisputed* filed proof demanded from the State

Defendant/Respondent, Federal Petitioner/Plaintiff, Walter J. Brzowski, "they" <u>cannot</u> proceed any further till such 'filed proof' surfaces in a Court of Law, which never (and cannot) has developed at any time; which would certainly **void** both named "*worthless*" Documents", and are currently violating Walter J. Brzowski's Constitutional due process Rights secured under the U.S. Fourteenth Amendment, and his protected Liberty freedoms, as well as his (inalienable) Fatherhood Rights to his (private) Boys, (Brandon, 10 yrs. And Eric, 8 yrs.), by such unlawful Illinois Court movements as to unjustly injure and harass him without <u>no</u> legal basis/foundation in Law to do so, which creates a high degree of "Bad Faith Scenario" against these afore mention State Defends, as to create now, Federal jurisdictional intervention, and injunctive relief, pursuant to **USC #28 @ 2283** upon these State Actors, and Litigations; and,

54) "A state [court] has no interest in enforcement of its Laws [#720ILCS 5/12-30 (a) (1), & #750ILCS 5/401 (a], that is/are preempted [voided] by Federal Statutes, [USC #28 @ 1446 (d) & #28 @ 1447 (c)", {Baggett vs. Dept. of Professional Bd. Of Pilot Commissioners, #717 F. 2d, 521, 524, (11th Cir. 1983};

WHEREFORE, the Federal Plaintiff Walter J. Brzowski now respectfully moves this Honorable Federal District Court the following for justifiable relief:

A) That the Federal District Court take intervening, jurisdictional control of (Will County, Il.) Criminal Cases: #05 CM-3968, #06 CM-103, *and* #06 CM-2579, as well as (Cook County) Civil Case No. #01 D 14335, due to such Illinois Cases violating heavily Federal Statutes, a Federal Remand Order, as well as Federal Case Precedents, which projects violations to Walter J. Brzowski's Constitutional due process, and Fatherhood Rights by these unlawful State Cases; and,

B) That this U.S. District Court, issue an "Injunction Order" against the named State Judges, (Figueroa, Bender, and Allen), as to vacate/withdraw all their Orders, the Divorce Judgment, and Criminal Litigations against Walter J. Brzowski due to lack of subject matter jurisdiction, and/or lack of any prosecutorial foundations; and,

C) That this U.S. District Court issue an "Injunction Order" against the named State Actors, (Glaskow, and Kaupas) as to release State Defendant Walter J. Brzowski (I.D. #2007-0008060) from the Will County Adult Detention Facility instanter; and,

D) That if functionally possible as to promote the best Interests of Fundamental Justice, issue a "Declaratory Statement" stating: 'The District Court finds the Order of Protection issued on April 29, 2005, as well as the Judgment of Dissolution of Marriage, (May 20, 2003), upon State Circuit Case No. #01 D 14335, [Brzowski vs. Brzowski] **void**, since the Cook County Domestic Relations Court lacked the mandatory 'subject matter jurisdiction' to enter these "Documents", on such key dates, pursuant to USC #28 @ 1 446 (d) and #28 @ 1447 (c); and,

E) That a "Third Article" Judge be assigned to such Civil Action, as to hear and adjudicate all matters herein; and,

  F) That any and all other further relief deemed necessary to administer the 'flow of Fundamental Justice' upon these raised matters, be so ordered.

## ATTESTATION

I Walter J. Brzowski having read and understood the above self subscribed "**Cause of Action**", certifies it to be true and correct in content and form, and as to where knowledge of Information provided herein is presumed truthful to assert in a Court of Law for proper recourse and effect.

_____  Feb. 28, 2008
Walter J. Brzowski in want of Counsel    Date