## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1401 | **DATE** | 5/29/2008 |
| **CASE TITLE** | Brzowski vs. Figueroa et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's complaint is dismissed for lack of jurisdiction insofar as it requests this Court to take jurisdiction over his pending cases, vacate the orders of the state judges, and declare those orders void. To the extent Plaintiff's complaint requests release from state court custody, it is dismissed without prejudice to Plaintiff filing a properly labeled petition for writ of *habeas corpus* upon exhaustion of his state court remedies. The motions for leave to proceed *in forma pauperis* [5] and for appointment of counsel [3] are denied as moot.

■[ For further details see text below.]

Docketing to mail notices
Mailed AO 450 Form

### STATEMENT

Before the Court is Plaintiff Walter Brzowski's application to proceed *in forma pauperis* and for appointment of counsel. When reviewing an application to proceed *in forma pauperis*, the Court must conduct an initial review of the complaint to determine whether the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). It is also appropriate for the Court to determine the basis and sufficiency of its jurisdiction at the outset of the litigation. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). Because the Court is without jurisdiction to adjudicate Plaintiff's complaint, it must be dismissed.

Plaintiff's complaint details a long history of state court divorce proceedings. Believing that those proceedings were being unfairly conducted, Plaintiff previously filed two "notices of removal" to the United States District Court for the Northern District of Illinois, in which he alleged various constitutional defects in the state proceedings but no grounds for removal to federal court. Both "notices of removal" were written more in the form of new complaints, and both notices were dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine. *See Brzowski v. Brzowski*, No. 02 C 6219 (N.D. Ill. Sept. 9, 2002) (Castillo, J.); *Brzowksi v. Brzowski*, No. 03 C 2685 (N.D. Ill. May 5, 2003) (Holderman, C.J.). Upon Plaintiff's request for clarification, an order of remand was issued by Judge Holderman on May 18, 2005.

Plaintiff now argues that his notices of removal divested the state court of jurisdiction, and that all orders entered by that court between his April 22, 2003 removal and the May 18, 2005 remand are void for lack of jurisdiction. (Because these dates encompass the state court orders against which Plaintiff complains, he does not press his argument that the first removal of August 30, 2002 was never remanded.) In particular, Plaintiff contests the validity of the state court's May 20, 2003 judgment of dissolution and its April 29, 2005 order of protection. Plaintiff further contests the validity of his subsequent arrests and convictions for violation of the

**STATEMENT**

(allegedly void) April 29, 2005 protection order. He asks this Court to: (1) declare that the order of protection and judgment of dissolution are void; (2) issue an injunctive order requiring the state judges to withdraw or vacate all of their orders in both the divorce and criminal proceedings; (3) take jurisdiction over the divorce and criminal proceedings; and (4) issue an injunctive order requiring the state actors to release him from incarceration.

The Court plainly is without jurisdiction to grant Plaintiff any of the relief he seeks. Plaintiff's request that the Court declare the state orders void and require the state judges to vacate their rulings plainly violates the *Rooker-Feldman* doctrine. A federal district court has absolutely no jurisdiction to adjudicate a complaint seeking to set aside state court judgments, notwithstanding allegations that the state court judgments are erroneous or even unconstitutional. *See Schmitt v. Schmitt*, 324 F.3d 484, 486 (7th Cir. 2003). Plaintiff's only remedy lies in appeal to the state appellate courts, and then ultimately the United States Supreme Court. *See Daggett v. Key*, 123 Fed.Appx. 721, 722 (7th Cir. 2005).

Nor is their any basis upon which the Court has power to take jurisdiction over the state divorce and criminal proceedings. Although Plaintiff correctly states that 28 U.S.C. § 2283 permits the Court to stay state proceedings in aid of its jurisdiction, this Court has no jurisdiction which needs aiding. Both other District Judges, to the extent they may have had temporary jurisdiction over Plaintiff's "removals," have also expressed their clear opinion that they too have no jurisdiction which needs safeguarding. Indeed, even were we to set aside the *Rooker-Feldman* bar to jurisdiction, federal district courts plainly are without authority to adjudicate divorce or custody proceedings, *see Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992), or the prosecution of state crimes. *See United States v. Davis*, 1997 WL 94730 *2 (N.D. Ill. Mar. 3, 1997) (federal district courts have jurisdiction only over offenses against the laws of the United States).

Plaintiff's final request for an injunction ordering his release from state custody would be more appropriately presented in a petition for writ of *habeas corpus*. It appearing from Plaintiff's financial affidavit that he is not in fact incarcerated at this time, such relief would seem both unwarranted and unnecessary. Therefore, the Court will decline to construe Plaintiff's complaint as a *habeas* petition, and instead leave it up to Plaintiff to decide whether he wishes to refile a properly labeled petition for *habeas corpus*. *See Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Plaintiff is warned, however, that if he chooses to so file a petition for *habeas corpus*, he will be barred from filing any successive applications for *habeas* relief. *See* 28 U.S.C. § 2244(b). Plaintiff is further advised that he must exhaust his state court remedies before a federal court will adjudicate the merits of his claim for *habeas* relief. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

It also bears mentioning that this is not the first time Plaintiff has attempted to litigate the above issues in this district. Plaintiff has submitted the same claims and legal theories in various letters, petitions, and motions to Judges Castillo and Holderman. *See Brzowski v. Brzowski*, No. 02 C 6219, docket entries [8, 10, 11, 18, 21]; *Brzowski v. Brzowski*, No. 03 C 2685, docket entries [14, 17, 19]. While dismissal of those requests for lack of jurisdiction does not have any preclusive effect on the underlying merits of Plaintiff's claims, this Court is nonetheless bound by those Judge's orders that the Court lacks jurisdiction over the claims at issue. *See Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000) ("A dismissal for lack of jurisdiction precludes relitigation of the issue actually decided, namely the jurisdictional issue."). This district has advised Plaintiff on numerous ocassions that it is without jurisdiction to consider his claims. Further attempts by Plaintiff to relitigate the question of this Court's jurisdiction will not be indulged.

In accordance with the above discussion, Plaintiff's complaint will be dismissed for lack of jurisdiction

**STATEMENT**

insofar as it requests this Court to take jurisdiction over his pending cases, vacate the orders of the state judges, and declare those orders void.  To the extent Plaintiff's complaint requests release from state court custody, it is dismissed without prejudice to Plaintiff filing a properly labeled petition for writ of *habeas corpus* upon exhaustion of his state court remedies.