UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

WALTER J. BRZOWSKI )
　Plaintiff )
 )  CASE NO.: #08 C 1401
vs. )
 )
RAYMOND A. FIGUEROA, Et Al., )  District Judge Harry D. Leinenweber, Presiding
　Defendants )

### PETITION TO STRIKE AND DISMISS THE JUNE 5, 2008: "DOCKET ENTRY TEXT ORDER"

NOW COMES THE Petitioner, Walter J. Brzowski, in want of Counsel, and in pursuant to Rule #60 (b) (4) (6) of the Rules of Federal Civil Procedure, does hereby state the following to this Honorable U.S. District Court:

1) That on March 10th, 2008, Walter J. Brzowski created Civil Case No. #08 CV-1401, against five named Defendants therein; and,

2) That Civil Case No. #08-1401 employed Four Conjoined Counts, upon 54 Articles therein, which revealed that the named State Actors violated Federal Removal Statutes, Common Law Precedents, entered **void** unconstitutional "Orders" and a 'Divorce Judgment', due to lack of subject matter jurisdiction, as well as other 'Actors' enforcing a recognized void "Order" against the Plaintiff, without any legal, justifiable foundation to do so; and,

3) That the five Defendants knew, *or should have known*, through prior filed "Instruments" from the Respondent/State Defendant, (Walter J. Brzowski), that he was raising a "jurisdictional attack" against the 'Order of Protection' (April 29, 2005), as well against the: 'Judgment of Dissolution of Marriage', (May 20, 2003), both issued on State (*removed*) Civil Case No. #01 D 14335, (see: Count One, therein); and,

4) That by and through two key Federal Removal Statutes, supported by Common Law Precedent Authorities, both the 'Order', and the: 'Judgment' are **void** due to lack of subject matter jurisdiction since the State Domestic Relations Court was deprived of the required legal power to enter these "Documents" as valid on these two key dates; and,

5) That Walter J. Brzowski has the Constitutional Right to be free from unjust State Court void "Orders" *and* the: "Judgment", when such void "Documents" are wreaking

unconstitutional havoc and severe detriment into his [private] Life, when he exercises his Fatherhood Rights towards his two Sons, [Brandon and Eric], or attempts to make civil contact with his Wife, [Laura], {Cook and Will County Sheriff imprisonment}; and,

6) That since the: "Judgment of Dissolution of Marriage" (May 20, 2003, No. #01 D 14335) is clearly and convincingly held for naught due to lack of subject matter jurisdiction, the Martial Contract created on February 14, 1998 between Walter J. and Laura A. Brzowski remains intact *and* binding upon the two [private] spouses, at this time; (*Emphasis added*);

7) That Federal Civil Case No. #08 CV-1401 addresses the need for Federal intervention *and* injunctive relief against the named Defendants, since they ignored the two Federal Removal Methods created by the State Respondent, (Case Nos. #02 C 6219, & #03 C 2685), as well as the: 'Certified Copy of Order of Remand', (June 22, 2005; filed with State Court Clerk into No. #01 D 14335 on June 23, 2005), which this U.S. District Court owes a legal duty to enforce such two Removal Statutes (#28 @ 1446 (d), & #28 @ 1447 (c)), as well as the Remand Order from the 2nd Removal Case No. #03 C 2685, as to protect this U.S. Citizen, (Walter J. Brzowski) from void, injurious State: "Instruments";

8) That the named Defendants, even though they are recognized as "State Actors", are not above the 'Law', and cannot be allowed to severely violate Federal Statutes, Common Law Authorities under the Stare Decisis Doctrine, and the issuance of the: 'Certified Remand Order', which would deprive State Judges: Figueroa, Bender, *and* Allen, from rendering void Orders/Judgment, as well as prohibiting them from enforcing such void Orders/Judgment against the Plaintiff by unconstitutional Sheriff incarceration(s); and,

9) That on June 2, 2008, the Plaintiff filed a: "Petition to Address the Court Upon Pending Matters", with the U.S. District Court Clerk, as to invoke the U.S. Court to relieve the stagnant "status" to this March 10, 2008 Civil Case, which set a June 11, 2008 Court Hearing date in front of U.S. District Judge Harry D. Leinenweber, [b. 1937, adm. Il. 1962];

10) That on June 5, 2008, by and through ex parte applications, Judge Harry D. Leinenweber, entered a: "Docket Entry Text Order", which unconstitutionally striked the Plaintiff from appearing, and 'addressing *and* for his opportunity to be heard in a Court of Law', which he has a Constitutional Right to do, as to seek out obtainable: 'Remedies in the Law'; and,

11) That the June 5, 2008 "Order" uses as a foundation to strike the Plaintiff from rightfully appearing before the Court on June 11, 2008, a: "Executive Committee Regulatory Injunction" from September 20, 2007, (Case No. #07 C 5613); and,

12) That the U.S. District Court must understand that Walter J. Brzowski is currently "attacking" the unconstitutionality of the September 20, 2007 'Order', by and through filed "Documents" on April 22, 2008, May 23, 2008, as well as June 16, 2008; and,

13) That all three "Filings" against the Sept. 20, 2007 "Order" from the Plaintiff have yet to be *uncontrovertibly* defeated by the: "Executive Committee", since such "attack" on this 'Order' by Walter J. Brzowski has not been undisputedly refuted by and through any legal, cogent, well-grounded in Law response from the opposing: "Committee"; and,

14) That Walter J. Brzowski raises a: "unconstitutional challenge" against the September 20, 2007 "Order", since all prior filed U.S. District Cases from him, all in some form or another, bring forth the two Federal Removal Methods, and their effect on State Court jurisdiction *after* such Removal was in progress, but before: 'Certified Remand', pursuant to USC #28 @ 1446 (d), and in direct conjunction with USC #28 @ 1447 (c), (*again*, see: Count One), (*Emphasis added*); and,

15) That since Walter J. Brzowski was repeatedly (arbitrarily) denied by the U.S. District Court upon prior filed/created Cases as to address and adjudicate this crucial, Federal preserved question, the Plaintiff has a well-founded basis, and due process Right to seek out from the U.S. District Court a lawful answer to this [preserved] Federal inquiry(s);

16) Thus, the Plaintiff, cannot be unconstitutionally obstructed or denied from raising this preserved Federal question about the two prior Federal Removal Methods, and the direct effect on State Court jurisdiction *after* such removals were established, but before the Federal Court issued the: "Certified Copy of Order of Remand back to the State Court Clerk, which thereupon the State Court may proceed with the Case", see: USC #28 @ 1447 (c); and,

17) That the Congressional Removal Statutes and supportive Common Law Precedents clearly reveal that without the filed: "Certified Federal Remand Order" into the State Court Record, the State Domestic Relations Court cannot legally operate forward, which in turn, would **void-out** all State Court Orders, Findings, Movements, and the Judgment, due to lack of (*returned*) subject matter jurisdiction from the U.S. Federal District Court;

18) That this U.S. District Court is under a Constitutional Mandate to seek out and establish Justice, and promote the protection for afforded Constitutional Rights unto any Litigant coming before the Court; and that such Court cannot thus, rely upon a: (*subjective*) "Executive Committee Order", (Sept. 20, 2007, No. #07 C-5613) that is currently being assertively challenged for its failure to apply Fundamental Justice onto Walter J.

Brzowski's [protected] Constitutional due process Rights under the spell of the: 'Equal Protection Clause', as a foundation to render a ex parte Order striking the June 11th, 2008 Court appearance for Walter J. Brzowski upon his June 2, 2008 "Filing"; and,

19) Therefore, the Plaintiff has now shown that the June 5, 2008 'ex parte Order' relies upon a highly subjective, (*and currently challenged*) September 20, 2007 'Order', (Case No. #07 C 5613), which has been shown as to be a direct interference and obstruction to his procedural due process, *and* Constitutional Rights, which any U.S. Court cannot undertake by arbitrary methods, and thus would certainly deprive the June 5, 2008 'ex parte Order' of a legal foundation for support, which in turn, would vacate this "Docket Entry Text Order" outright, since it would fail to promote the integrity of this Court onto Walter J. Brzowski's due process Rights, as well as encroaching upon the betterment for the substantial "flow of Justice served", by this unconstitutional 'stricken from docket' entry.

WHEREFORE, The Plaintiff, Walter J. Brzowski now respectfully moves this Honorable U.S. District Court for the following Relief:

    A) That the June 5, 2008 Order be vacated, and/or withdrawn, instanter;

    B) That the filed: "Petition to Address the Court" from June 2, 2008 be allowed to procedurally continue for its full, legal effectiveness; and,

    C) That for any and all other further Relief deemed necessary from the Plaintiff in a Court of Law so as to permit the "flow of Justice" be so ordered.

## ATTESTATION

I Walter J. Brzowski, having read and understood the above self subscribed "Petition", certifies it to be true and correct in content and form, and as to where knowledge of Information provided herein is presumed truthful to assert in a Court of Law for proper recourse and justifiable effect.

Dated this 16th day of June, 2008

_____
Walter J. Brzowski,
In Want of Counsel