**FILED**
JUL 1 4 2008
Jul 14, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

WALTER J. BRZOWSKI )
   Plaintiff )
vs. ) CASE NO.: #08 C 1401
)
)
RAYMOND FIGUEROA, Et Al. ) District Judge Harry D. Leinenweber, Presiding
   Defendants )

## PETITION TO CORRECT ERRORS UPON MAY 29, 2008 "ORDER"

NOW COMES The Plaintiff, Walter J. Brzowski, in pursuant to Rules #59 (a), & #60 (b) (6) of the Federal Code of Civil Procedure, and in further support of this Petition, in pursuant to his afforded Constitutional due process Rights under the direct spell of the 'Equal Protection Clause', does hereby states, asserts and expresses the following to this Honorable Court:

1) That on June 11, 2008, Walter J. Brzowski, (upon a previously filed Petition, June 2, 2008) attempted to address the District Federal Court as to unlock a 'status-quo' scenario upon Case No. #08 C 1401 since March 10, 2008; and,

2) That by ex parte 'applications', U.S. District Judge Harry D. Leinenweber entered a prior "Docket Entry Text Order" striking the Court Calendar date for June 11, 2008, which was unbeknownst to the Plaintiff until such Court date; and,

3) That Walter J. Brzowski then filed another "Motion" on June 18, 2008, for *another* Court Calendar date (July 1, 2008), which was challenging the June 5, 2008 'ex parte Order' for its constitutional aspects to the Plaintiff's due process Rights; and,

4) That on July 1, 2008, again unbeknownst to the Plaintiff, the Court refused to allow the Clerk to place the previously filed 'Pleading' (June 18, 2008) on the July 1, 2008 Docket Call Sheet, so as to obstruct the Plaintiff's Constitutional Right to appear before the Court, and for his: 'opportunity to be heard in a Court of Law'; and,

5) That also, on July 1, 2008, the Plaintiff received from Judge Leinenweber's Clerk for the **first time**, a May 29, 2008 "Docket Entry Text Order", which he reviewed on July 1, 2008, (*again*), for the 1st time, (*Emphasis added*); and,

6) That upon careful review of the May 29, 2008 "Docket Entry Text Order", there are several inconsistencies, and misapplications of Law, and of Fact, which this

Court is erroneously implying against the Plaintiff's due process Rights, and fails to promote the best interests of Fundamental Justice onto his afforded Rights; and,

7) The May 29, 2008 "Document" states in part: "the two notices of removal....in which he alleges various constitutional defects in state proceedings, but no grounds for removal to federal court", (p. #1), reveals an error in due process, since the filed "Notices" (Sept. 4, 2002, #No. #02 C 6219 & April 22, 2003, No. #03 C 2685) only has to offer to the State Court that a Removal Method is in progress, and that under the intents of USC #28 @ 1446 (d), the: "State Court shall proceed no further unless and until the Case is remanded"; and,

8) That upon inspection of the Civil Cover Sheets and the Complaints for both Removal Methods, reveal substantial Civil and Constitutional violations occurring against the State Respondent at the Domestic Relations Court, which pursuant to USC #28 @ 1441 and #28 @ 1443, allows for such Removals to occur into the U.S. District Court, which are: 'grounds for removal' to such named U.S. Court; and,

9) That also, the May 29, 2008 "Docket Entry Text Order" states: "...both notices were dismissed for lack of jurisdiction under the Rooker-Feldman doctrine"; Walter J. Brzowski objects to such statement since nowhere in the *second* Removal, (Case No. #03 C 2685), does Judge James F. Holderman imply the usage of the 'Rooker-Feldman Doctrine' in his May 5, 2003 'Order' as to dismiss such Removal Case; the Order states dismissed for lack of subject matter jurisdiction, with no supportive foundation in Law to offer such challengeable "finding", (*Emphasis added*); and,

10) That the U.S. District Court is attempting to "shroud a play on words" by using 'Notices of Removal' against the correct terminology of 'Removal Cases/Methods', by which the Plaintiff would certainly thus have a well-grounded "legal footings" in this U.S. District Court for his "Cause of Action Case", (No. #08 C-1401), as to proceed forward against the five named Defendants therein; and,

11) That upon further inspection of the May 29, 2008 "Order", Judge Harry D. Leinenweber states: "(....he does not press his argument that the first removal of August 30, 2002 was never remanded)"; but yet upon inspection of the initial filed March 10th, 2008: "Cause of Action", reveals within Articles #3—9 accomplishes just that, which soundly defeats the subjective conjecture from this May 29, 2008 "Document";

12) That also, the U.S. District Court cannot dismiss a: "Removal Case from State Court"; it must, under the guidelines pursuant to USC #28 @ 1447 (c) [*and* Rule #LR81.2.(b) of the Rules of the Northern District Court], when it finds that such Northern District Court *lacks* subject matter jurisdiction, remand the Case back to the State Court Clerk with a: 'Certified Copy' of such remand Order:

FEDERAL DISMISSAL OF CASE IS WRONG REMEDY OVER REQUIRED: 'REMAND ORDER'

    a. "...(supra)... the [Federal] Court was without subject matter jurisdiction and was required to remand suit back to state court rather than dismissing it", {Fent vs. Oklahoma Water Resources Bd. #235 F. 553, (Dec. 18, 2000)}; and,

    b. "The plain language of USC #28 @ 1447 (c) gives no discretion to dismiss rather that to remand an action over which the [Federal] Court lacks subject matter jurisdiction", {see: Fent vs. Oklahoma Water Resources Bd.}; and,

    c. "...therefore appropriate procedure was to remand claim to State Court rather than to dismiss claim", {Smith vs. Wisconsin Dept. of Agriculture, #23 F. 3d 1134};

    d. The Supreme Court has ruled: "We also take note of the literal words of USC #28 @ 1447 (c), which on their face give no discretion to dismiss rather than remand an action", {Primate Protection League vs. Tulane Education Fund, #111 S.Ct. 1710, (1991)}; and,

    e. "...and that consequently, the District Court erred in dismissing the complaints for lack of jurisdiction over remand", {Scheuer vs. Rhodes, #416 U.S. 232, #40 L.Ed. 2d 90, #94 S. Ct. 1683}; and,

    f. "Therefore the District Court erred when it dismissed the matter rather than to remand it back to the State Court", {Bromwell vs. Michigan Mut. Ins. Co. #115 F. 3d 213, (3rd Circuit, 1997)}; and,

It is now convincingly clear that upon the finding of the District Court lack of subject matter jurisdiction, it *must* remand the case back to State Court and <u>not</u> to dismiss action; by such finding, the District Court erred on Sept. 9, 2002 (Case No. #02 C 6219) *and again* on May 5, 2003 (No. #03 C 2685) to dismiss rather than remand on these two prior Plaintiff's Removals; and,

13) That the U.S. Federal District Court has the afforded jurisdictional power to enforce its Removal Statutes (USC #28 @ 1446 (d), and #28 @ 1447 (c), *and* supportive Common Law Precedent Authorities under the 'Stare Decisis Doctrine' against State Court actions that occurred *after* the removal methods were in progress, but <u>before</u> 'certified remand order' back to the State Court Clerk, which

would defeat any conjectures arising in the May 29, 2008 "Docket Entry Text" stating this U.S. Court does not have jurisdiction upon Case No. #08 C 1401; and,

14) That (*once again*), the Plaintiff brings forth his sound, legally raised Argument to the Court: "The State Domestic Relations Court operated at a time after August 30, 2002; Sept. 4, 2002, Case No. #02 C 6219, [or *at the very least*, between April 22, 2003, and June 23, 2005, Case No. #03 C 2685] without the subject matter jurisdiction, since such required jurisdictional element was divested into the U.S. Federal District Court after, or between these stated key, relevant dates":

REGARDING FEDERAL REMOVAL; EFFECT ON STATE COURT JURISDICTION AFTER REMOVAL

g. "Jurisdiction normally attaches at the time of filing based upon the pleadings", {Nilssen vs. Motorola Inc. #203 F. 3d 782, (2000}; and,

h. "Under Statute, a State Court's power to issue orders with respect to a removed case, terminates upon removal", {Continental IL. Nat. Bank and Trust Co. vs. Protos Shipping, #472 F. Supp. 979, (May 14, 1979)}; and,

i. "When petition for removal has been filed in Federal District Court…(supra)… State Court loses jurisdiction to proceed further until case is remanded", {Hartlein vs. Illinois Power Co. #601 N.E. 2d 720, (Il. 1992}; and,

j. "That the State Court had no jurisdiction to pursue the Case once it had been removed to Federal Court", {People vs. Martin-Tregona, #28 IL. App. 3d 605, #328 N.E. 2d 362}; and,

k. "Once removal of proceedings to Federal Court are fulfilled and requisite notice accomplished, State Court loses all jurisdiction in the matter", {Davis vs. Davis, #229 S.E. 2d 847}; and,

l. "…all orders issued by State Court after husband had filed removal proceeding in Federal Court, were void", {Davis vs. Davis, #229 S.E. 2d 848};

m. "Such State Court jurisdiction was active until removal was finally effected by filing a copy of notice for removal with the State Court clerk, and jurisdiction then became passive or dormant, pending disposition of case in Federal District Court", {Hornung vs. Master Tank & Welding Co. D.C.N.D. (1957), #151 F. Supp. 169};

n. "Purpose of statute requiring removing defendant to file a copy of the removal notice with the State Court is to inform the State judge that he can no longer proceed with the case until the Federal Court decides whether it will retain jurisdiction or not", {Nixon vs. Wheatley, E.D. Tx. (2005), #368 F. Supp. 2d 635}

o. "When case is removed from State Court to Federal Court, entire action, including all parties and all claims is transferred to Federal Court, and the State Court may not proceed further unless and until case is remanded; Federal Court acquires full and exclusive jurisdiction over case as though it had been commenced in that forum", {Moore vs. Interstate Fire Ins. Co. #717 F. Supp. 1193, (1989)}; and,

p. "Removal of [civil] action from State to Federal Court halts all further proceedings in the State Court, which thereupon loses jurisdiction unless and until the case is remanded", {Sands vs. Geller, (1971), #321 F. Supp. 558}; and,

q. "It is universally held that when a Petition for Removal has been filed in Federal Court, and other acts specified by section USC #28 @ 1446 (d) have been performed, the State Court loses jurisdiction to proceed further until case is remanded. Even if the basis of the District Court's remand is that the Case was not removable, no action taken by the State Court in the interim can stand. While the point has not been previously arisen in this Court, our Appellate Court has correctly, we consider, so held", {People vs. Martin-Tregona, (1975), #28 IL. App. 3d 605, #328 N.E. 2d 362; People vs. Martin-Tregona, (1976), #36 IL. App. 3d 482, #344 N.E. 2d 225; and,

r. "Effect of removal of case to Federal Court was to deprive State Court of jurisdiction to proceed further with any phase of litigation in removed case only, unless and until the case was remanded", {Saslow vs. State Farm Mut. Ins. Co. (1963), #224 F. Supp. 965}; and,

s. "Removal to the Federal District Courts of proceedings pending in the State Court deprives the State Court of further jurisdiction in the proceedings", {In re Wellington Resources Corp. (Bkrtcy. N.D. Tx. 1982), #20 B.R. 64}; and,

t. "After removal, jurisdiction of State Court absolutely ceases, and State Court loses jurisdiction upon filing of petition for removal", {Resolution Trust Corp. vs. Bayside Developers, (C.A. 9, Cal. 1994), #43 F. 3d 1230}; and,

u. "Compliance with form and procedure of removal under this section governing procedure for removal effects automatic removal from State Court to Federal District Court, and such removal stays any further action in State Court until further [remand] order from District Court", {Wood vs. DeWeese, (W.D. Ky. 1969), #305 F. Supp. 939}; and,

v. "Where notice of removal of case was filed in State Court two days prior to that Court's entry of default judgment, default judgment was null and void for lack of jurisdiction", {Barrett vs. Southern Ry. Co. (D.C.S.C. (1975), #68 F.R.D. 413};

It is well considered, that the State [Domestic Relations] Court <u>loses</u> jurisdiction of the matter (Case, No. #01 D 14335), and <u>cannot</u> proceed further pursuant to #28 @ 1446 (d), unless and until the case is remanded back pursuant to USC #28 @ 1447 (c), *and* Rule #LR81.2. (b); and,

15) *(cont.)* "...all Orders, Findings, and the Judgment of Divorce, (May 20, 2003) issued after Aug. 30, 2002; Sept. 4, 2002, or between April 22, 2003 and June 23, 2005 are held for naught due to lack of subject matter jurisdiction, pursuant to USC #28 @ 1446 (d), unless and until procedural compliancy is established for USC #28 @ 1447 (c) with the State Court Clerk, 'which thereupon the State Court may proceed with such Case"; all of which are/were addressed in the Plaintiff's 'Count One' section, (#08 C 1401):

EFFECT OF STATE COURT ACTIONS AFTER REMOVAL BUT BEFORE REMAND

w. "After removing case from State Court, jurisdiction of State Court ceases until case is remanded to State Court, and any State Court proceedings on the case after removal, but prior to Remand are **void ab initio**", {Remova Pool Fence Co. vs. Roth, Fla. App. 4th Dist. (1994), #647 So. 2d 1022}; and,

x. "The proceedings in the State Court in the interval between filing and service of the removal notice, and the certified Remand order were void", {State of South Carolina vs. Moore, #447 F. 2d 1067, (1967)}; and,

y. "Upon filing of Notice for removal, removal is automatic, jurisdiction of Federal Court is complete, and the State Court jurisdiction ceases or is suspended; generally, any judicial action taken by the State Court after removal is effected but before remand by Federal Court, is **null and void**", {Harris vs. State, Ark. App. (1993), #850 S.W. 2d 41, #41 Ark. App. 207}; and,

z. "State Court action after removal is **null and void**", {New York State Nat. Org. for Women vs. Terry, (S.D.N.Y. 1988), #697 F. Supp. 1324}; and,

aa. "State Court may not proceed with Case or retain jurisdiction after removal to Federal District Court is effected, and will not be reinvested with jurisdiction until cause is remanded back to State Court", {State vs. Boone Circuit Court, #86 N.E. 2d 74, (May 24, 1949)}; and,

bb. "If the Federal Court later decides that you did not have enough reason to try to remove your case, it is reversible error for the State Court to proceed until the case is remanded to State Court", {Echevarria vs. Silberglitt, #441 F. 2d 225, (2nd Cir.};

cc. "After removal from State Court, only the Federal District Court can restore jurisdiction back to State Court<u>s</u>", {Ward vs. Resolution Trust Corp. #972 F. 2d 196, (8th Cir. 1992},        *[note plural implications upon State Courts]*

dd. "Without subject matter jurisdiction, all orders and judgments issued by a judge are **void** under the Law, and are of no legal force or effect", {In the interest of M.V., #288 Il. App. 3d 300, #681 N.E. 2d 532, (1ˢᵗ Dist., 1997)}; and,

It should be well considered that (*at the very least*), the Domestic Relations Court operating on Circuit Case No. #01 D 14335, [Brzowski vs. Brzowski] was *deprived* of the required 'subject matter jurisdiction' power between April 22, 2003 and June 23, 2005, (*second* Removal, Case No. #03 C 2685), which voids all Orders and the Divorce Judgment between these relevant dates. (note: The *first* Federal removal Case No. #02 C 6219, Sept. 4, 2002 still remains within the Federal Court's jurisdiction, since it was never [*procedurally*] Remanded back to the State Court pursuant to USC #28 @ 1447 (c), which still holds all State Court orders after this date for naught, of no force or effect, pursuant to USC #28 @ 1446 (d).

16) That by the failure of Hon. Judge Ruben Castillo to apply the correct procedural applications within his subjective Sept. 9, 2002 'Docket Entry Text Order', by wrongfully choosing: "dismissal over remand" upon a Removal Method, Case No. #02 C 6219, the U.S. District Court still lawfully retains the jurisdictional (removed) power from State Court Case No. #01 D 14335 at this point, (*Emphasis added*); and,

17) "District Court retained jurisdiction to [adjudicate] upon motion...(supra)...where no formal order of remand had yet been forwarded by federal court clerk to state court", {State of La. vs. Sprint Communication Co., (M.D. La. 1995), #899 F. Supp. 282}; and,

18) "Narrow exception to the loss of jurisdiction upon remand rule exists where a certified copy of District Court's Remand Order has not yet been mailed to clerk of the State Court, to which case is to be remanded", {Hubbard vs. Combustion Engineering Inc. (E.D. Mich. 1992), #794 F. Supp. 221}; and,

19) "Federal Court is not completely divested of jurisdiction...until Order of Remand has been entered and a Certified Copy of Order has been mailed to the clerk of the State Court", {Cook vs. J.C. Penny Co. Inc., (N.D. Iowa, 1983), #558 F. Supp. 78}; and,

20) That upon these raised Articles, in conjunction with the Plaintiff's: "Count One", which have never been *uncontrovertibly* defeated in any Court of Law, (since the Court does not possess *any* Legislative powers), still remain certain of its legal affects on this U.S. District Court, as well against the named (5) State Defendants;

21) That no State actor is allowed to violate Federal Statutes and Common Law Authorities, especially when such 'Laws' deprive them of their legal ability to enter any unconstitutional Orders/Judgment against the Plaintiff, which grants the

jurisdictional authority to this U.S. District Court to enforce such Laws as to place injunctions against State Orders that were violative to such Federal Removal Laws;

22) Thus, the Federal District Court has a duty to uphold their Federal Laws and Common Stare Decisis Authorities (as well as the prior Remand Order No. #03 C 2685), against State actors, as well as respecting the Plaintiff's Constitutional due process Rights, especially when all such Laws works heavily in Walter J. Brzowski's behalf, which would strip the U.S. District Court of "unjustly protecting" these State Governmental Defendants from raised Civil Litigation from the Plaintiff; and,

23) That upon the May 29, 2008 statement, (page #2, para. #2): "A federal district court has absolutely no jurisdiction to adjudicate a complaint seeking to set aside state court judgments, notwithstanding allegations that the state court judgments are erroneous or even unconstitutional", which under a Case Precedent Authority is flawed, and/or incorrect which is violative to the Plaintiff's Constitutional Right to seek out and establish his due process of Law applications in a Court of Law; and,

24) "Federal Judges have the power to set aside or overturn state court orders/judgments as to preserve Constitutional Rights", {Mitchum vs. Foster, #407 U.S. 225}; and,

25) That the May 29, 2008 "Docket Entry Text" (Order) states erroneously on page #2, (3rd Paragraph): "....this Court has no jurisdiction which needs aiding. Both other District Judges, to the extent they may have had temporary jurisdiction over the Plaintiff's 'removals', have also expressed their clear opinion that they too have no jurisdiction which needs safeguarding"; and,

26) The Plaintiff has now shown herein, that the U.S. District Court still retains the removed State Court's 'subject matter jurisdiction' upon Civil Case No. #01 D 14335 after September 4, 2002, (Case No. #2 C 6219); or *at the very least*, between April 22, 2003, and June 23, 2005, pursuant to both Federal Removal Statutes, and in direct conjunction with USC #28 @ 1441 and #28 @ 1443, which this lower Court must apply, (due to no afforded Legislative powers), along with controlling Common Law Stare Decisis Precedents, which heavily favors the Plaintiff for his quest to remove the "stagnant" status of Case No. #08 C 1401, and proceed forward against the five Defendants therein, (Figueroa, Allen, Bender, Glaskow, and Kaupas);

27) That within Page #2 (para. #5) the "Docket Entry Text" states: "...this Court is nonetheless bound by those Judge's orders that the Court lacks jurisdiction over the claims at issue", which cites a Case Law, (Perry vs. Sheahan #222 F. 3d 309), and upon its

intents, ("A dismissal for lack of jurisdiction..."); does **not** apply to Civil Case No. #08 C 1401, since it has been shown that a: "dismissal over remand" is a wrong finding by the Court upon **both** Removal Methods; *AND* that this Court: "is also nonetheless bound by those Judge's orders held within the Common Law Precedents **herein**", pursuant to the 'Stare Decisis Doctrine', which thus, defeats all subjective conjectures within the May 29, 2008 "Document" about its attempt(s) to circumvent the main issue(s) raised within the Plaintiff's 'Count One' Federal Removals argument; and,

28) That the U.S. District Court has the afforded jurisdictional power to address and adjudicate the: "Federal preserved Removal Question" from the Plaintiff, and **cannot** shift this "responsibility" to any State Court, {see: England vs. The Louisiana State Board of Medical Examiners, #375 U.S. 411, 461}; and,

29) That the May 29, 2008 "Docket Text Entry Order" as to dismiss Case No. #08 C 1401 is now clearly against the principles of the best interests of Fundamental Justice, and violative to the Plaintiff's due process Rights, especially when such overwhelming proof to support Walter J. Brzowski's filed: "Cause of Action...", (March 10, 2008), entitles him to the relief he objectively seeks from this U.S. Court;

30) "Complaint should not be dismissed when Plaintiff can prove beyond a doubt in support of his claim, which should entitle him to the relief he seeks", {Cogswell vs. County of Suffolk Deputy Sheriff's Dept. #375 F. Supp. 2d 182, (E.D.N.Y. 2005)}; and,

31) "A Plaintiff has Constitutional standing when: (1) he has suffered an injury in fact; (2) there is a casual connection between the injury(s) and the conduct complained of; and, (3) it is likely that the injury will be redressed by a favorable decision", (U.S.C.A. Const. Art. #3 @ 2, cl. 1), {Pettit vs. New Mexico, #375 F. Supp. 1140}; and,

32) That the Plaintiff has suffered tremendously upon the "actions" of the named Defendants due to loss of Marital Property, loss of suitable Employment, loss of enjoyment with his [private] Family, and unconstitutional excessive Will, Kane, and Cook County Sheriff incarcerations/confinements, by Orders (May 20, 2003 & April 29, 2005), and the Judgment, (May 20, 2003), all of which are **void** and **unenforceable** against the Plaintiff due to lack of the required subject matter jurisdiction, pursuant to Federal Removal Statutes *and* Common Law Authorities; *as well as* lack of any transcribed, filed proof to meet the standards set to even consider such injurious Orders against the Plaintiff from Defendants: Figueroa,

Allen, and Bender, which violates Walter J. Brzowski's Sixth Amendment Right to have the afforded opportunity to defend and challenge such 'ex parte issued' Orders, which grants jurisdictional Authority to this U.S. District Court to protect the Plaintiff from State Actors: "acting in bad faith"; and,

33) Therefore, since the Plaintiff became first aware of the May 29, 2008 "Docket Entry Text" (order) on July 1, 2008, which thus makes this "Petition" timely to offer correctible applications to it from Walter J. Brzowski's Articles held herein, the subjective May 29th (order) fails to defeat the true test of "due process Justice" applied to it, and must be repealed and/or withdrawn, since it does not promote substantial Justice onto the Plaintiff's due process of Law Rights, which this U.S. Court owes a duty to uphold for Mr. Brzowski's recognized Constitutional Rights.

WHEREFORE, The Plaintiff now respectfully now moves this Honorable U.S. District Court for the following for certain relief:

A) That the May 29, 2008 "Docket Entry Text" (order), first discovered by the Plaintiff on July 1, 2008, be repealed and/or withdrawn;

B) That this Court remove the "stagnant" current status of this Civil Case, and serve all named 5 Defendants therein upon this Suit;

C) That the: "procedural flow of Justice" be devised upon this Civil Action as to allow the procedure of due process of Law actively flourish until the full strength of such "due process" offers a correct (final) conclusion for the Plaintiff's satisfactory legal accord.

### ATTESTATION

I Walter J. Brzowski, having read and understood the above self-subscribed "Petition", certifies it to be true and correct in content and form, and as to where knowledge of Information provided herein is presumed truthful to assert in a Court of Law for proper legal recourse and effect.

Dated this 3rd day of July, 2008,

_____
Walter J. Brzowski,
Chicago, IL. 60629

Case 1:03-cv-02685  Document 12  Filed 04/28/2005  Page 1 of 1

Order Form (01/2005)

SEE ART. #3
Exhibit "A"

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 2685 | DATE | 4/28/2005 |
| CASE TITLE | LAURA A. BRZOWSKI vs. WALTER J. BRZOWSKI | | |

DOCKET ENTRY TEXT

Defendant Walter J. Brzowski's motion for order of remand back to state court [10] is granted. Order case remanded to state court for lack of subject matter jurisdiction.

Docketing to mail notices.

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
By [signature]
DEPUTY CLERK
U. S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: JUN 2 2 2005

| | Courtroom Deputy Initials: | mak |
|---|---|---|

Exhibit 'B'

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### DOMESTIC RELATIONS DIVISION

2005 JUN 24 PM 12:44

CLERK OF COURT

LAURA A. BRZOWSKI )
    Petitioner )
  )
AND )
  ) CASE NO: #01 D.14335
Walter J. Brzowski )
    U.S. Natural Citizen )

### NOTICE OF FILING

TO: Michael A. Lew
Attorney For Petitioner
9700 West 131st Street
Palos Park, IL. 60467

TO: Judge Gerald C. Bender
Courtesy Copy   #2801
50 West Washington St
Chicago, IL. 60602

TO: Judge Raymond Figueroa
Courtesy Copy   #3002
50 West Washington St.
Chicago, IL. 60602

TO: Presiding Judge Moeshe Jacobius
Courtesy Copy   #1901
50 West Washington Street
Chicago, IL. 60602

TO: Chief Judge Timothy Evans
Courtesy Copy   #2600
50 West Washington Street
Chicago, IL. 60602

TO: Clerk of the Circuit Court, IL.
Court Certified Copy   #802
50 West Washington Street
Chicago, IL. 60602

PLEASE TAKE NOTICE, that on June 23, 2005, I filed with the Clerk of the Circuit Court Cook County, IL., Domestic Relations Division a: "Certified Copy of a Federal Remand Order", pursuant to Federal Titles: #28 @ 1447 (c), and @ 1446 (d), a copy of which is hereby served upon you.

Walter J. Brzowski
Pro Se Litigant
4941 West Columbus Drive
Oak Lawn, IL. 60453
#(708) 423-4810

_____
Walter J. Brzowski

### CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to Section #1-109 of the Code of Civil Procedure, I Walter J. Brzowski certify that on June 23, 2005, I ___mailed OR ___personally delivered NOTICE of FILING upon the parties mentioned above to whom the Notice is directed by placing First Class Postage in the United States Delivery Service, thereon.

_____    6/22/05
Walter J. Brzowski            Date

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

```
PC/CHASER Docket as of 09/10/02 10:28 pm    Printed 01/28/04      Page 1
Proceedings include all events.                                   TERMED
1:02cv6219 Brzowski v. Brzowski                                          DENLOW
```

TERMED DENLOW

U.S. District Court
Northern District of Illinois (Chicago)

CIVIL DOCKET FOR CASE #: 02-CV-6219

Brzowski v. Brzowski                                 Filed: 09/09/02
Assigned to: Hon. Ruben Castillo
Demand: $0,000                                       Nature of Suit: 440
Lead Docket: None                                    Jurisdiction: Federal Question
Dkt # in Cook Cnty IL Cir Ct : is  :01-D -14335

Cause: 28:1441 Petition for Removal- Civil Rights Act

LAURA A BRZOWSKI
    plaintiff

    v.

WALTER J BRZOWSKI                    Walter J Brzowski
    defendant                        [NTC] [PRO SE]
                                     3838 West 124th Street
                                     Alsip, IL 60803
                                     (708) 489-3757

```
PC/CHASER Docket as of 09/10/02 10:28 pm   Printed 01/28/04         Page 2
Proceedings include all events.                                     TERMED
1:02cv6219 Brzowski v. Brzowski                                        DENLOl
```

| Date | # | Entry |
|---|---|---|
| 8/30/02 | 1 | **RECEIVED COMPLAINT** (Attachment) with one copy along with copy of petition of removal from the Circuit Court of Cook County, Illinois, Case No. 01 D 14435. (hp) [Entry date 09/03/02] [Edit date 09/03/02] |
| 8/30/02 | 2 | CIVIL cover sheet. (hp) [Entry date 09/03/02] |
| 8/30/02 | 3 | PRO SE APPEARANCE by plaintiff. (hp) [Entry date 09/03/02] |
| 8/30/02 | 4 | APPLICATION by plaintiff to proceed in forma pauperis (hp) [Entry date 09/03/02] |
| 8/30/02 | 5 | MOTION by plaintiff for appointment of counsel (hp) [Entry date 09/03/02] |
| 9/3/02 | -- | FORWARDED complete case file to Judge Castillo. (hp) [Entry date 09/03/02] |
| 9/9/02 | 6 | MINUTE ORDER of 9/9/02 by Hon. Ruben Castillo: After a careful review of this recently filed pro se complaint, this complaint, is hereby dismissed with prejudice for the following reasons: (1) said complaint fails to state a valid federal cause of action and (2) said complaint violates the Rooker/Feldman doctrine by seeking to have a federal court appropriately review a state court proceeding. If plaintiff seeks to review a state court decision he must file a timely appeal to the State Appellate Court. Plaintiff's motions to proceed in forma pauperis [4-1] and for appointment of counsel [5-1] are both denied terminating case. Mailed notice (air) [Entry date 09/10/02] |
| 9/9/02 | 7 | ENTERED JUDGMENT. (air) [Entry date 09/10/02] |

[END OF DOCKET: 1:02cv6219]

[Note: (Again) There is **no** mentioned of the Federal District Court "remanding" this Case back to the State Court anywhere in this Docketing Sheet, pursuant to Title USC #28 @ 1447 (c)]

```
PC/CHASER Docket as of 05/6,/03 9:14 pm   Printed 01/28/04         Page 1
Proceedings include all events.                                    TERMED
1:03cv2685 Brzowski v. Brzowski                                           LEVIN
```

TERMED LEVIN

U.S. District Court
Northern District of Illinois (Chicago)

CIVIL DOCKET FOR CASE #: 03-CV-2685

Brzowski v. Brzowski                                   Filed: 05/05/03
Assigned to: Hon. James F. Holderman
Demand: $0,000                              Nature of Suit: 440
Lead Docket: None                           Jurisdiction: Federal Question
Dkt # in Circuit Court Cook : is 01 D 14335

Cause: 28:1441 Petition for Removal- Civil Rights Act

```
LAURA A BRZOWSKI, -            Laura A Brzowski, -
     plaintiff                 [NTC] [PRO SE]
                               Michael T. Tristano
                               8200 West 95th Street
                               Hickory Hills, IL 60457
                               (708) 233-4400

    v.

WALTER J BRZOWSKI              Walter J Brzowski
     defendant                 [NTC] [PRO SE]
                               P. O. Box #934
                               Worth, IL 60482
```

```
PC/CHASER Docket as of 05/6,/03 9:14 pm    Printed 01/28/04       Page 2
Proceedings include all events.                                   TERMED
1:03cv2685 Brzowski v. Brzowski                                            LEVIN
```

| Date | # | Entry |
|---|---|---|
| 4/22/03 | 1 | RECEIVED COMPLAINT with two copies. (jmp) [Entry date 04/23/03] |
| 4/22/03 | 2 | CIVIL cover sheet. (jmp) [Entry date 04/23/03] |
| 4/22/03 | 3 | APPLICATION by defendant to proceed in forma pauperis (jmp) [Entry date 04/23/03] |
| 4/22/03 | 4 | SUPPORTING AFFIDAVIT of Walter J. Brzowski of prior violations of rights to affect subject matter jurisdiction (jmp) [Entry date 04/23/03] |
| 4/22/03 | 5 | SUPPORTING AFFIDAVIT of Walter J. Brzowski for legal recourse of applicable law. (jmp) [Entry date 04/23/03] |
| 4/22/03 | 6 | PRO SE APPEARANCE by defendant. (jmp) [Entry date 04/23/03] |
| 4/22/03 | 7 | MOTION by defendant for appointment of counsel. (jmp) [Entry date 04/23/03] |
| 4/23/03 | -- | FORWARDED entire case file to Judge Holderman. (jmp) [Entry date 04/23/03] |
| 5/5/03 | 8 | MINUTE ORDER of 5/5/03 by Hon. James F. Holderman : This action is dismissed or lack of subject matter jurisdiction. Plaintiff's motions to proceed in forma pauperis [3-1] and for appointment of counsel is denied as moot [7-1]. (See reverse of minute order.) terminating case Mailed notice by judge's staff (jmp) [Entry date 05/06/03] |
| 5/5/03 | 9 | ENTERED JUDGMENT (jmp) [Entry date 05/06/03] |

[END OF DOCKET: 1:03cv2685]

[Note: There is **no** mentioned of the Federal District Court "remanding" this Case back to the State Court anywhere in this Docketing Sheet, pursuant to Title USC #28 @ 1447 (c)]